UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kathleen Mills and Wilson Mills, | Case No. 19-CV-2859 (SRN/ECW) |
| Plaintiffs, | |
| v. | ORDER |
| Mayo Clinic and Scott Kelley, | |
| Defendants. | |

---

Michael Kemp, Aaron Ferguson Law, 2700 Snelling Avenue North, Suite 460, Roseville, MN 55113 for Plaintiffs.

Anupama D. Sreekanth and Gregory E. Karpenko, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, and Matthew J. Hanzel, Mayo Clinic Legal Dept, 200 First Street SW, Rochester, MN 55905 for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

The above-captioned matter is before the Court on Defendants' Motion to Exclude Plaintiffs' Untimely Disclosed Expert Opinions and their Motion For Partial Summary Judgment. Based on all the files, records, and proceedings herein, and for the reasons set forth below, the Court grants Defendants' Motion.

## I.   PROCEDURAL HISTORY

This is a medical malpractice case set for trial in two weeks – on November 30, 2021.

On November 20, 2020 – eight days after the original Court-ordered deadline, Plaintiffs disclosed their expert report from their sole expert, Dr. Trent Carlson, a general

surgeon.[1] (Doc. No. 36-8.) In his report, Dr. Carlson opines that Ms. Mills' December 1, 2015 surgery was complicated by Dr. Kelley's judgment to drain her abscess before surgery, and that three subsequent surgeries were necessitated by the delay of the initial surgery: 1) an abdominal washout and closure procedure on December 4, 2015; 2) a colostomy take down procedure on July 26, 2016; and 3) a washout and exploration procedure on August 5, 2016. Dr. Carlson's report expressly acknowledged that "[n]ot every procedure or hospitalization which followed [the December 1, 2015] surgery can be directly attributed to the failure of Defendants to meet the standard of care."

After the close of discovery, Defendants filed a motion for partial summary judgment seeking dismissal of Plaintiffs' breach of implied contract claim and to limit Plaintiffs' claim for medical expenses to the three surgical procedures identified in Dr. Carlson's report. (Doc. No. 35.)

On September 10, 2021, this Court granted Defendants' motion for partial summary judgment on Plaintiffs' breach of implied contract claim and deferred ruling on Defendants' motion regarding certain claimed medical expenses pending clarification from Dr. Carlson. (Doc. No. 50.)

On September 30, 2021, Plaintiffs submitted a supplemental report from Dr. Carlson. (Doc. No. 51.) In that report, Dr. Carlson clarified that he could not identify or calculate claimed medical expenses for the procedures dated December 4, 2015, July 26, 2016, and August 5, 2016, which were identified in his original report. (*Id.* at 4 ("I cannot

---

[1] The Court granted Plaintiffs leave to serve an expert report after the deadline.

say to a reasonable degree of medical certainty what the increased cost or length of the procedure was as a direct result of the failures of the standard of care.").)

Dr. Carlson's supplemental report also contains a brand new opinion that Defendants' alleged negligence caused Ms. Mills to develop an "infection requiring draining and often recovery care." (*Id.* at 2, 4-7.) Dr. Carlson opined, for the first time, that this infection led to 13 previously undisclosed procedures between October 2016 and July 2018, and that Ms. Mills will require treatments averaging $65,534.28 per year for the rest of her life. (*Id.*)

The day after Plaintiffs filed the supplemental report from Dr. Carlson, Defendants objected to Dr. Carlson's report by letter to the Court. [Doc. No. 52]. The Court held a status conference on October 12, 2021 to discuss these issues and directed the parties to submit further briefing. (Doc. Nos. 53-55.)

**II.     ANALYSIS**

**A. Medical Expenses Associated with Three Procedures Identified in Dr. Carlson's Initial Expert Report**

Defendants contend that their pending motion for summary judgment should be granted on Plaintiffs' claim for medical expenses associated with the three procedures identified in Dr. Carlson's initial report, because Dr. Carlson now concedes that he cannot opine to a reasonable degree of medical certainty what increased costs were incurred as a direct result of the alleged negligence of Defendants. Defendants cite to *Fabio v. Bellomo*, 504 N.W.2d 758, 762 (Minn. 1993), where the Minnesota Supreme Court held that a cancer patient was unable to recover costs of her chemotherapy after a late diagnosis of

3

breast cancer, because she would have had those costs regardless of when she was diagnosed.  Defendants further contend that a plaintiff in a medical-malpractice action bears the burden of proof regarding the portion of damages caused by the alleged negligence over and above any pre-existing condition, citing the Minnesota Supreme Court's decisions in *Rowe v. Munye*, 702 N.W.2d 729, 742 (Minn. 2005); *Leubner v. Sterner*, 493 N.W.2d 119, 121 (Minn. 1992); and *Nelson v. Twin City Motor Bus Co.*, 58 N.W.2d 561, 563 (Minn. 1953).

Plaintiffs respond that, although Dr. Kelley is unable to articulate the medical expenses reasonably and necessarily incurred as a result of the Defendants' malpractice, Plaintiffs should be allowed to seek the full amount of medical expenses incurred for these three surgeries pursuant to the doctrines of spoliation and indivisible injury.

The Court agrees with Defendants.  Dr. Carlson's concession that he cannot opine to a reasonable degree of medical certainty as to the increased medical expenses incurred as a direct result of the Defendants' alleged negligence is fatal to Plaintiffs' claim for damages associated with those procedures.  It is well settled that defendants in medical malpractice actions are only held liable for those portions of damages that are attributable to their alleged negligence, and it is the plaintiff's burden to prove what portion of damages are attributed to the alleged negligence as opposed to the preexisting condition of the patient.  *See Fabio*, 504 N.W.2d at 762; *Rowe*, 702 N.W.2d at 742; *Leubner*, 493 N.W.2d at 121; *Nelson*, 58 N.W.2d at 563.  Further, the doctrine of spoliation is inapplicable in this setting.  Plaintiffs have failed to identify any evidence that was

destroyed, not to mention intentionally. Nor is the doctrine of indivisible injury applicable here. As stated in *Rowe*, 702 N.W.2d at 736-41, Minnesota "only shifts the burden of proof to the Defendants in situations that involve the combined tortious conduct of two or more actors who are seeking to limit their liability for the harm they have caused the plaintiff." The doctrine is not applicable to a single defendant negligence claim.

Accordingly, the Court will grant Defendants' motion for partial summary judgment and dismiss Plaintiffs' claims relating to the medical expenses associated with the three procedures identified in Dr. Carlson's original report.

### B. Dr. Carlson's New Opinion Regarding an Ongoing Infection and Recovery Care

Defendants also seek to exclude the opinions in Dr. Carlson's supplemental report that Defendants' alleged negligence caused Ms. Mills to develop an "infection requiring draining and often recovery care," including 13 procedures between October 2016 and July 2018, and ongoing treatments averaging $65,534.28 per year for the rest of her life.

Under Fed. R. Civ. P. 37(c)(1), a party that fails to provide information as required by Rule 26(a) or (e) is not allowed to use that information to supply evidence at trial, unless the failure was substantially justified or is harmless. Moreover, the Court has the inherent authority to set management deadlines and to impose sanctions for their violation. Fed. R. Civ. P. 16(b), (c)(2)(f)-(g), (f). As the Eighth Circuit has acknowledged, these rules "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp*, 162 F.3d 1004, 1008 (8th Cir. 1998).

Defendants contend that the opinions at issue were not disclosed in Dr. Carlson's initial expert report, which was limited to alleged complications of the three procedures addressed above, failed to disclose any specific procedures after the August 2016 procedure, and did not reference an infection or that such an infection was the cause of chronic issues. Defendants argue that Plaintiffs had multiple opportunities to disclose such an opinion, including in Dr. Carlson's initial report (which was served more than one year after the case began, and after the Court's original deadline for initial expert reports), in rebuttal to Defendants' experts, and in defense of Defendants' motion for summary judgment. Despite this, Plaintiffs did not disclose Dr. Carlson's "infection" opinion until 60 days before trial. Defendants contend that such delay is not justified, and prejudices Defendants' ability to defend this case on the eve of trial.

The Court agrees that Dr. Carlson's latest supplemental expert report contains opinions that were not disclosed in his original report. Specifically, Dr. Carlson's report includes a new and untimely opinion that Ms. Mills experienced an infection as a result of Defendants' alleged negligence, and that such infection has and will cause a recurring need for medical treatment. Such an opinion is not stated in Dr. Carlson's original report, nor can it be reasonably inferred based on the information that Dr. Carlson provides in that report. The Court further agrees that Plaintiffs have failed to justify the untimely disclosure, in that they have offered no explanation for why it was not disclosed in Dr. Carlson's initial report, any rebuttal report, or in response to Defendants' motion for summary judgment. Moreover, the harm caused by this untimely disclosure on the eve of

6

trial is plain, particularly as it comes after Defendants disclosed their experts, moved for summary judgment, and are preparing for trial. Accordingly, the Court will exercise the discretion afforded to it under Rules 16 and 37 of the Federal Rules of Civil Procedure and exclude Dr. Carlson's new and untimely opinion that Defendants' alleged negligence caused Ms. Mills to develop an "infection requiring draining and often recovery care," including 13 previously undisclosed procedures between October 2016 and July 2018, and ongoing treatments averaging $65,534.28 per year for the rest of her life.

### III.   ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment [Doc. No. 35] is **GRANTED** insofar as it seeks dismissal of Plaintiffs' claim for medical expenses associated with procedures on December 4, 2015, July 26, 2016, and August 5, 2016;

2. Defendants' motion to exclude Dr. Carlson's untimely expert disclosure is **GRANTED** and Dr. Carlson shall be precluded at trial from offering any opinion that Ms. Mills experienced an infection as a result of Defendants' alleged negligence, and that such infection has and will cause a recurring need for medical treatment; and

3. This matter shall proceed to trial starting with jury selection on Tuesday, November 30, 2021 at 9:00 a.m. All counsel and parties are ordered to appear at that time and be prepared to proceed.

BY THE COURT:

Dated: November 16, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge